DENNIS M. PRINCE
Nevada Bar No. 5092
KEVIN T. STRONG
Nevada Bar No. 12107
**PRINCE LAW GROUP**
10801 West Charleston Boulevard
Suite 560
Las Vegas, NV 89135
Tel:  (702) 534-7600
Fax: (702) 534-7601
Email: eservice@thedplg.com
-And-
CRAIG W. DRUMMOND
Nevada Bar No. 11109
LIBERTY A. PARDEE
Nevada Bar No. 14417
**DRUMMOND LAW FIRM**
3325 W. Sahara Avenue
Las Vegas, Nevada 89102
Tel:  (702) 366-9966
Fax: (702) 508-9440
Attorneys for Plaintiff
*John Peterson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN PETERSON, individually,

Plaintiff,

vs.

UNITED FINANCIAL CASUALTY
COMPANY; DOES I-V; and ROE
CORPORATIONS VI-X, inclusive,

Defendants.

CASE NO.:  2:22-cv-1509-JCM-NJK

**PLAINTIFF JOHN PETERSON'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AGAINST DEFENDANT UNITED FINANCIAL CASUALTY COMPANY**

Plaintiff JOHN PETERSON, by and through his counsel of record, Dennis M. Prince and Kevin T. Strong of PRINCE LAW GROUP, and Craig W. Drummond and Liberty A. Pardee of DRUMMOND LAW FIRM, hereby submits his *Reply in Support of Motion for Leave to File First Amended Complaint Against Defendant United Financial Casualty Company*.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff John Peterson's ("Peterson") request to amend his Complaint is not untimely, prejudicial, or futile. Defendant United Financial Casualty Company ("United Financial") ignores that Peterson timely filed his request for leave to amend pursuant to the district court's original scheduling order. United Financial also fails to assert any substantive argument establishing Peterson's proposed amendment will cause prejudice. Rather, United Financial argues Peterson's proposed amendment is futile because its insured, Guadalupe Zazueta ("Zazueta"), agreed to pay installment fees shown on the billing statement during the policy term as they became due. This argument fails because the installment fees United Financial charged were separate and distinct from the payment of insurance premiums. Moreover, United Financial ignores that Zazueta agreed to pay installment fees as they **became due**. United Financial prematurely requested Zazueta remit a premium payment, along with the separate installment fee, **before** those charges should have become due because Zazueta paid the first two premium payments at the inception of the policy. Peterson has established a legitimate factual basis to prove United Financial breached its policy, breached the covenant of good faith and fair dealing, and violated Nevada's Unfair Claims Practices Act. Accordingly, United Financial fails to overcome the extreme liberality to freely allow amendments pursuant to FRCP 15(a)(2).

Similarly, Peterson's proposed amendment is not time barred because it relates back to August 12, 2022, the date he filed his original complaint pursuant to both FRCP 15(c) and NRCP 15(c). Peterson's proposed amendment arises from the same conduct set forth in his original Complaint because he alleges facts that relate to United Financial's erroneous cancellation of coverage. United Financial's coverage cancellation is the operative conduct or transaction that formed the basis of Peterson's original Complaint. United Financial fails to address relation back and instead challenges the timeliness of Peterson's original Complaint. This argument is not only irrelevant to the pending request, but also fails as a matter of law because the statute of limitations did not begin

2

1    to run on Peterson's claims for bad faith and violation of Nevada's Unfair Claims

2    Practices Act until the excess judgment was entered against the at-fault insured driver,

3    Pedro Perez-Papias ("Perez-Papias"). Therefore, Peterson's assigned claims are not time

4    barred and his proposed amendment is similarly not time barred.

5                                           **II.**

                                   **LEGAL ARGUMENT**

6           When detailing the relevant standard of review, United Financial refers to legal

7    principles that do not apply to Peterson's request for leave to amend in the context of

8    FRCP 15(a)(2). Specifically, Peterson's requested amendment does not "merely enlarge

9    on a legal theory rejected by the court" because this Court has not rejected any legal

10   theory Peterson presented in his Complaint. (ECF No. 27, at 4:20–21). This Court has

11   never previously granted Peterson leave to amend and, as a result, has no basis to deny

12   Peterson's pending motion to amend because it fails to address previous defects in his

13   Complaint. *Id.* at 4:22–27). United Financial inaccurately frames the legal standard

14   governing Peterson's amendment request to somehow bolster its irreparably flawed

15   arguments in opposition. This underscores the futility of United Financial's arguments

16   in opposition, not Peterson's proposed amendment.

17   **A.  Peterson's Request for Leave to Amend is Timely and Not the Result of Undue Delay**

18          United Financial asserts that Peterson's decision to wait until March 13, 2023 to

19   request leave to amend his Complaint constitutes an undue delay because he previously

20   knew about the facts giving rise to the proposed amendment. Peterson possessed United

21   Financial's underwriting file and the spreadsheet showing the payment made by

22   Zazueta on March 26, 2021. However, the nature of Peterson's amendment

23   demonstrates the billing scheme United Financial perpetrated was complex and not

24   readily apparent. Specifically, Peterson was required to evaluate the total one-year

25   premium of $3,182.00 based on a ten-payment premium plan and evaluate all of the bills

26   United Financial remitted to verify that Zazueta's initial $656.40 payment constituted

27   more than two months of premium payments. (ECF No. 18-2, at Bates no. UFCC000165;

28   ECF No. 18-4, at Bates No. UFCC000171; ECF No. 18-5, at Bates no. UFCC000173).

                                           3

1    Peterson was required to evaluate this evidence, in its totality, to calculate the monthly

2    and daily premium rates to ensure he possessed the requisite factual basis to allege

3    United Financial perpetrated a misleading billing scheme that it used to erroneously

4    cancel coverage. Peterson's decision to be deliberative in his analysis before he

5    determined he possessed the requisite factual basis to request leave to amend did not

6    cause an undue delay sufficient to deny the motion for leave to amend. This is

7    particularly true given that ample time remains for the parties to conduct discovery. *See*

8    *Barnum v. Equifax Info. Servs., LLC*, No. 2:16-cv-2866-RFB-NJK, 2017 U.S. Dist. LEXIS

9    76003, at *15 (D. Nev. May 17, 2017) (There is a strong presumption against finding

10   undue delay where sufficient time remains to conduct discovery). The close of discovery

11   in this matter is August 11, 2023, which is more than three months from now. (ECF No.

12   23, at p. 3). This directly undermines the significance of Peterson's alleged delay in

13   seeking leave to amend.

14       Even if Peterson possessed the requisite knowledge to state this proposed theory

15   of liability against United Financial resulting from its billing scheme when he filed the

16   original complaint, "on its own it is not enough to deny a leave for amendment"

17   *Heffington v. Gordon, Aylworth & Tami, P.C.*, No. 3:16-cv-02079-AC, 2017 U.S. Dist.

18   LEXIS 119425, at *9 (D. Ore. July 28, 2017). "Undue delay, by itself, however, is

19   insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758

20   (9th Cir. 1999); *See also*, *Garcia v. Ryan*, No. CV-13-1591-PHX-DJH (DMF), 2017 U.S.

21   Dist. LEXIS 15480, at *9 (D. Ariz. Feb. 2, 2017) ("Ninth Circuit case law is clear that

22   [the undue delay] factor alone is insufficient to justify denying a motion to amend.");

23   *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1093 (D. Haw. 2001) ("The law in this jurisdiction,

24   however, clearly does not permit denial of a motion to amend a pleading based on undue

25   delay alone."). United Financial's argument against Peterson's request for leave to

26   amend is solely predicated upon alleged undue delay because, as explained below, its

27   futility argument is not valid. Therefore, United Financial fails to carry its burden to

28   establish that this Court should deny Peterson's motion for leave to amend his

     Complaint. *See Vandehey v. Real Soc. Dynamics, Inc.*, No. 2:17-cv-02230-JAD-NJK, 2017

     U.S. Dist. LEXIS 164776, at *3 (D. Nev. Oct. 4, 2017). Notably, this Court was previously

4

"unpersuaded that any delay suffices to deny [a] motion for leave to amend when the discovery cutoff is months away [and] no showing of prejudice or bad faith has been made," even when the plaintiff previously knew the facts giving rise to her proposed amendment. *Babbitt v. Nielsen*, No. 2:18-cv-02076-RFB-NJK, 2019 U.S. Dist. LEXIS 29149, at *2 (D. Nev. Feb. 25, 2019).

> **B.  Peterson's Proposed Amendment is Not Futile Because United Financial's Billing Scheme Supports His Claims for Breach of Contract, Bad Faith, and Violation of Nevada's Unfair Claims Practices Act**

A proposed amendment is futile if it would be subject to immediate dismissal. *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998). "[D]enial of leave to amend on the ground of futility is **rare**." *Tasty One v. Earth Smarte Water*, No. 2:20-cv-01625-APG-NJK, 2021 U.S. Dist. LEXIS 47884, at *4 (D. Nev. Mar. 15, 2021) (*citing Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (emphasis added)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

United Financial's futility challenge should not only be deferred, but summarily disregarded because it distorts the policy language in a manner that does not refute the substantive factual allegations of Peterson's proposed amendment. Specifically, United Financial claims that its policy required Zazueta, its insured, to pay premiums when prompted to pay the installment fees." (ECF No. 27, at 8:7–10). However, United Financial relies on a provision in the policy titled "Other charges," which never even references premium payments. (ECF No. 18-2, at Bates no. UFCC000169). Thus, United Financial lacks the requisite factual basis to contend Peterson's proposed amendment is futile because Zazueta agreed to pay installment fees that became due. Peterson contends that Zazueta's agreement to pay any premium was solely predicated upon that premium payment becoming due. Because Zazueta paid the first two months of premium payments at the inception of the United Financial policy on August 24, 2017, no premium payments became due to United Financial until November 2017. (ECF. No. 18-15, at pp. 4–6, ¶¶ 24–39). Even if the "Other charges" provision was construed to

include premium payments, United Financial still improperly cancelled Zazueta's auto liability insurance policy because she paid the first two months of premiums for coverage under the policy. As a result, no premiums became due until November 2017, not September or October 2017, the months in which United Financial erroneously billed Zazueta for premium payments. (ECF No. 18-4, at Bates no. UFCC000171, ECF No. 18-5, at Bates no. UFCC000173). United Financial's futility argument in this regard is invalid because Peterson has properly alleged that the missed premium payments United Financial relied upon to cancel coverage were not due.

Peterson's Amended Complaint sets forth a valid factual theory of liability predicated upon United Financial's premature and invalid cancellation of coverage that Zazueta already paid to receive. United Financial erroneously relied upon this coverage denial to breach the duty of good faith and fair dealing and its contractual duty to defend its insured, Perez-Papias, against Peterson's personal injury complaint. United Financial cannot establish with any degree of certainty that Peterson's proposed amendment will be subject to immediate dismissal. United Financial's failure to demonstrate futility of amendment justifies granting Peterson leave to amend his Complaint. If United Financial wishes to challenge the merits of Peterson's proposed amendment, it should do so through a separate motion after leave to amend is granted.

**C. Peterson's Claims for Bad Faith and Violation of Nevada's Unfair Claims Practices Act are Not Time Barred**

In a last-ditch effort to defeat Peterson's Motion for Leave to Amend, United Financial contends that Peterson's amended claims for bad faith and violation of Nevada's Unfair Claims Practices Act are untimely under the relevant statutes of limitations. This argument fails for several reasons.

Conspicuously absent from United Financial's Response is any reference to the relation back of amendments in relation to motions for leave to amend a pleading. FRCP 15(c) states, in relevant part:

> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:



1

**(A)** the law that provides the applicable statute of limitations allows relation back;

2

3

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading[.]

4

5       FRCP 15(c)(1)(A) "incorporates state law relation back rules when 'that state's

6    law provides the applicable statute of limitations and is more lenient than the federal

7    rules.'" *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-01608-APG-CWH, 2015 U.S. Dist.

8    LEXIS 170815, at *8 (D. Nev. Dec. 18, 2015) (*quoting Butler v. Nat'l Cmty. Renaissance*

9    *of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014)). NRCP 15(c)(1) mirrors its federal

10   counterpart because it confirms "an amendment to a pleading relates back to the date

11   of the original pleading when: (1) the amendment asserts a claim that or defense that

12   arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–

13   in the original pleading[.]" "Claims arise from the same conduct, transaction, or

14   occurrence when they arise from a 'common core of operative facts.'" *Cook v. Las Vegas*

15   *Resort Holdings, LLC*, No. 2:18-cv-01583-GMN-BNW, 2019 U.S. Dist. LEXIS 166432, at

16   *11 (D. Nev. Sep. 26, 2019) (*quoting Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562,

17   2572 (2005)). "The relation back doctrine of Rule 15(c) is liberally applied" in the Ninth

18   Circuit. *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014). The

19   Nevada Supreme Court similarly gives a "liberal construction" to relation back under

19   NRCP 15(c). *Costello v. Casler*, 254 P.3d 631, 635 (Nev. 2011).

20       United Financial's conspicuous failure to address relation back is telling because

21   it underscores the deficiencies of its argument. Peterson's original Complaint alleges

22   United Financial knowingly canceled coverage owed to Perez-Papias under the subject

23   auto policy without any reasonable basis. (ECF No. 1-2, at pp. 12–13, ¶¶ 64–67).

24   Peterson's original Complaint alleges United Financial relied on its erroneous coverage

25   cancellation to breach its contractual duty to defend Perez-Papias against Peterson's

26   personal injury complaint. *Id.* at pp. 11-12, ¶¶ 57–61). Peterson's proposed amendment

27   alleges an alternative factual theory that United Financial breached the policy and the

28   covenant of good faith and fair dealing when it erroneously canceled coverage for alleged

DPLG

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

missed premium payments that were not actually owed. (ECF. No. 18-15, at pp. 4–6, ¶¶ 24–39, p. 15, ¶¶ 82–84, p. 18, ¶¶ 105–109). The common transaction or occurrence that both Peterson's original Complaint and his proposed Amended Complaint share is United Financial's improper cancellation of coverage. The shared common transaction or occurrence also validates Peterson's additional claim that United Financial violated the Nevada Unfair Claims Practices Act because those alleged violations arise from the same alleged conduct, United Financial's baseless and improper cancellation of coverage. (ECF No. 18-15, at pp. 19–20, ¶¶ 115–121). Therefore, Peterson's proposed amendment to his Complaint relates back to August 12, 2022, the date he filed his original Complaint and his claims for bad faith and violation of Nevada's Unfair Claims Practices Act are not time barred.

The timing of United Financial's argument that Peterson's claims for bad faith and violation of Nevada's Unfair Claims Practices Act are time barred is confounding. United Financial's express position is that the statute of limitations for Peterson's claims arising from bad faith and violations of Nevada's Unfair Claims Practices Act expired in November 2021 and November 2020, respectively. Based on this view, Peterson's Complaint, which was filed on August 12, 2022, was untimely under the statute of limitations. (ECF No. 1-2, at p. 1). Yet, United Financial filed its Answer to Peterson's Complaint and has continued to litigate this action, despite its belief that Peterson's Complaint alleges claims that are time barred under the statutes of limitations. United Financial's own conduct demonstrates the claims alleged in Peterson's Complaint were timely filed before the statute of limitations expired. Otherwise, United Financial would not have waited until Peterson moved for leave to amend his Complaint to assert this argument. United Financial's reliance on this statute of limitations argument is nothing more than a desperate attempt to preclude Peterson from amending his Complaint.

United Financial's statute of limitations argument, and, by extension, its laches argument, are also not persuasive because they are based on the flawed legal premise that the statute of limitations began to run before the alleged damages accrued. "[A] cause of action for bad faith arises when the insured is *legally obligated* to pay a judgment that is in excess of his policy limits." *Belanger v. GEICO Gen. Ins. Co.*, 623 F.



App'x 684, 688 (5th Cir. Aug. 21, 2015) (*quoting Kelly v. Williams*, 411 So.2d 902, 904 (Fla. Dist. Ct. App. 1982)). Perez-Papias, as both the at-fault driver in the underlying motor vehicle collision and insured of United Financial, sustained damages from United Financial's breach of the covenant of good faith and fair dealing and violation of Nevada's Unfair Claims Practices Act when the district court entered an excess judgment against him in Peterson's personal injury action. (ECF No. 18-13, at Bates nos. UFCC000342–UFCC000347). The damages from that excess judgment allowed Peterson to secure an assignment of Perez-Papias's claims against United Financial for its breach of contract, breach of the covenant of good faith and fair dealing, and other related claims. *See* NEV. REV. STAT. 21.320; *Gallegos v. Malco Enters. Of Nev.*, 255 P.3d 1287, 1289 (Nev. 2011).

United Financial's argument regarding the statute of limitations is not credible for the reasons outlined above. Even though this argument is legally invalid, United Financial should have presented this argument in a motion to dismiss when Peterson first filed his Complaint, not in opposition to a motion for leave to amend. The liberal application of relation back empowers this Court to conclude Peterson's proposed amendment to allege an alternative theory of bad faith liability and related claim for violation of Nevada's Unfair Claims Practices Act is valid and timely as a matter of law.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## CONCLUSION

Based on the foregoing law and analysis, Plaintiff John Peterson respectfully requests this Court to grant his Motion for Leave to File First Amended Complaint Against Defendant United Financial Casualty Company.

DATED this <u>2nd</u> day of May, 2023.

**PRINCE LAW GROUP**

<u>*/s/ Kevin T. Strong*</u>
DENNIS M. PRINCE
Nevada Bar No. 5092
KEVIN T. STRONG
Nevada Bar No. 12107
10801 West Charleston Boulevard
Suite 560
Las Vegas, Nevada 89135
Tel:  (702) 534-7600
Fax: (702) 534-7601
Attorneys for Plaintiff
*John Peterson*



**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to LR 5-1 and FRCP 5(b), I hereby certify that I am an employee of **PRINCE LAW GROUP** and that on the <u>2nd</u> day of May, 2023, I electronically filed the foregoing document entitled **<u>PLAINTIFF JOHN PETERSON'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AGAINST DEFENDANT UNITED FINANCIAL CASUALTY COMPANY</u>** with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to the following:

John T. Keating
**KEATING LAW GROUP**
9130 W. Russell Road
Suite 200
Las Vegas, Nevada 89148
Tel: (702) 228-6800
Fax: (702) 228-0443
Attorneys for Defendant
*United Financial Casualty Company*

*/s/ Kevin T. Strong*
An Employee of Prince Law Group

11