1

2

3

4

5          UNITED STATES DISTRICT COURT

6              DISTRICT OF NEVADA

7

8   JOHN PETERSON,                          Case No. 2:22-cv-01509-JCM-NJK
         Plaintiff(s),
9                                                        **ORDER**
    v.
10                                                    [Docket No. 18]
    UNITED FINANCIAL CASUALTY
11  COMPANY,

12       Defendant(s).

13        Pending before the Court is Plaintiff's motion for leave to amend.  Docket No. 18.

14  Defendant filed a response in opposition.  Docket No. 27.  Plaintiff filed a reply.  Docket No. 32.

15  The Court does not require a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the

16  motion for leave to amend is **GRANTED**.[1]

17  **I.     STANDARDS**

18        Requests for leave to amend the pleadings filed on or before the amendment deadline are

19  governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) provides that "[t]he court

20  should freely give leave [to amend] when justice so requires," and there is a strong public policy

21  in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The Ninth

22  Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality."  *Eminence Capital,*

23  *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).  Under Rule 15(a), courts

24  consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

25  party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the

26  complaint.  *See id.* at 1052.  Not all of these factors carry equal weight and prejudice is the

27

        [1] It is within a magistrate judge's authority to grant leave to amend.  *Underwood v. O'Reilly*
28  *Auto Enterps., LLC*, 342 F.R.D. 338, 342 n.2 (D. Nev. 2022).

1  "touchstone."  *Id.*  Absent a showing of prejudice or a strong showing of any of the remaining

2  factors, there is a presumption that leave to amend should be granted.  *Id.*  "In exercising this

3  discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on

4  the merits, rather than on the pleadings or technicalities."  *Roth v. Garcia Marquez*, 942 F.2d 617,

5  628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Generally,

6  the analysis "should be performed with all inferences in favor of granting the motion."  *Griggs v.*

7  *Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

8          The party opposing amendment bears the burden of showing why leave should be denied.

9  *Underwood*, 342 F.R.D. at 343.

10 **II.     ANALYSIS**

11         Defendant has not met its burden of showing that the amendment should be disallowed.

12 Defendant first argues that there has been undue delay.  *See* Docket No. 27 at 5-9.  "A strong

13 presumption against a finding of undue delay exists when a case is still in discovery."  *Hologram*

14 *USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015).  "Moreover,

15 it is well-settled within the Ninth Circuit that any undue delay in seeking amendment is not, in

16 itself, sufficient grounds to deny leave to amend."  *Underwood*, 342 F.R.D. at 346.  The Court is

17 unpersuaded by the assertion of an undue delay in this case given that the discovery cutoff remains

18 months away and there has been no showing of prejudice or bad faith.

19         Defendant also argues that the amendment would be futile.  *See* Docket No. 27 at 6-10.

20 Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012,

21 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*,

22 342 F.R.D. at 346-47.  "Ordinarily, courts will defer consideration of challenges to the merits of a

23 proposed amended pleading until after leave to amend is granted and the amended pleading is

24 filed."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  Deferring ruling

25 on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to

26 motions to amend and the fact that the parties' arguments are better developed through a motion

27 to dismiss.  *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F.

28 Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).  The Court has not been given sufficient reason to chart

1  a different course in this case, so it is not persuaded by Defendant's argument that leave to amend

2  should be rejected on futility grounds.

3  **III.    CONCLUSION**

4      Accordingly, the motion for leave to amend is **GRANTED**.  Plaintiff must promptly file

5  and serve the proposed amended complaint.  *See* Local Rule 15-1(b).

6      IT IS SO ORDERED.

7      Dated: May 3, 2023

8  _____

9  Nancy J. Koppe
  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28