DENNIS M. PRINCE
Nevada Bar No. 5092
KEVIN T. STRONG
Nevada Bar No. 12107
**PRINCE LAW GROUP**
10801 West Charleston Boulevard
Suite 560
Las Vegas, NV 89135
Tel: (702) 534-7600
Fax: (702) 534-7601
Email: eservice@thedplg.com
-And-
CRAIG W. DRUMMOND
Nevada Bar No. 11109
LIBERTY A. PARDEE
Nevada Bar No. 14417
**DRUMMOND LAW FIRM**
3325 W. Sahara Avenue
Las Vegas, Nevada 89102
Tel: (702) 366-9966
Fax: (702) 508-9440
Attorneys for Plaintiff
*John Peterson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN PETERSON, individually,

Plaintiff,

vs.

UNITED FINANCIAL CASUALTY COMPANY; DOES I-V; and ROE CORPORATIONS VI-X, inclusive,

Defendants.

CASE NO.: 2:22-cv-1509-JCM-NJK

**PLAINTIFF JOHN PETERSON'S FIRST AMENDED COMPLAINT**

Plaintiff JOHN PETERSON, individually and as assignee of the rights of Pedro Perez-Papias, through his counsel of record, Dennis M. Prince and Kevin T. Strong of PRINCE LAW GROUP, and Craig W. Drummond and Liberty A. Pardee of DRUMMOND LAW FIRM, for his Complaint against Defendant UNITED FINANCIAL CASUALTY COMPANY, hereby alleges and complains as follows:

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135



**GENERAL ALLEGATIONS**

1. That at all times relevant hereto, Plaintiff, JOHN PETERSON (hereinafter "Peterson") was, and now is, a resident of Las Vegas, Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant UNITED FINANCIAL CASUALTY COMPANY (hereinafter "United Financial"), was, and now is, an Ohio based property and casualty insurer.

3. Upon information and belief, at all times relevant hereto, United Financial was operating in and doing business in Clark County, Nevada registered with the Nevada Division of Insurance under license #1261.

4. Upon information and belief, at all times relevant hereto, United Financial was operating in and doing business in Clark County, Nevada using the name "Progressive Commercial."

5. Upon information and belief, at all times relevant hereto, "original" Defendant PEDRO PEREZ-PAPIAS (hereinafter "Perez-Papias"), was, and now is, a resident of Las Vegas, Clark County, Nevada.

6. That for this Complaint, Perez-Papias will also be referred to as the "original Defendant."

7. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through V and ROE CORPORATIONS VI through X, inclusive, is presently unknown to Peterson who, therefore, sues said Defendants by such fictitious names. Peterson is informed and believes and thereupon alleges that the Defendants herein designated as a DOE and/or ROE CORPORATION are responsible in some manner for the events and happenings herein referred to, thereby proximately causing the injury and damages to the Peterson as herein alleged. The DOE/ROE Defendants were either the insurer, insurance agent, insurance broker, representative, attorney or law firm, or person or entity otherwise responsible for providing insurance, selling insurance, or representing the "original Defendant," Perez-Papias, in the case concerning the subject collision of November 12, 2017. When the true names and or capacities of such Defendants become known, Peterson will ask leave of this Court to amend the Complaint to insert the true names, identities and capacities,

DPLG
PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

together with the appropriate charging allegations.

8. On or about November 12, 2017, Peterson, was a passenger in a 2013 Cadillac ATS, being driven by non-party Lindel Wayne Watkis.

9. On or about November 12, 2017, "original Defendant," Perez-Papias, was the driver of a 2000 Chevrolet 3500 pick-up truck, VIN #1GBKC34J6YF511682, at or near Boulder Highway and the US 95 Southbound off ramp in Las Vegas, Clark County, Nevada.

10. On or about November 12, 2017, "original Defendant," Perez-Papias, failed to keep a proper lookout, reasonably and safely operate the vehicle, and failed to use due care, and caused the front of his vehicle to strike and collied with the rear of the 2013 Cadillac ATS.

11. That "original Defendant," Perez-Papias, had a duty to operate his vehicle in a safe, careful, and prudent manner, keep a proper lookout, follow the Nevada rules of the road, and generally keep his vehicle from striking other vehicles during his operation of such vehicle in Clark County, Nevada, on or about November 12, 2017.

12. That "original Defendant," Perez-Papias, breached these listed duties when he operated his vehicle in a negligent, careless, unsafe, and reckless manner when he failed to use due care and caused a collision with the 2013 Cadillac ATS, thereby causing damages and injuries to Peterson.

13. That "original Defendant," Perez-Papias, was operating his vehicle on November 12, 2017, with a prohibited substance in his body as defined in NRS 484C.080.

14. That "original Defendant," Perez-Papias, was therefore liable for punitive damages pursuant to NRS 42.010.

15. That the impact and negligent operation of the vehicle by "original Defendant," Perez-Papias, caused Peterson to sustain personal injuries.

16. That at all times relevant herein, the incident and collision occurred in Las Vegas, Clark County, Nevada.

17. That at the time of the subject collision, it was represented to the Nevada Highway Patrol and Peterson that on November 12, 2017, Perez-Papias had personal and vehicle insurance in effect for the 2000 Chevrolet 3500 pick-up truck, VIN

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

#1GBKC34J6YF511682 with Defendant United Financial, Policy No. 04093866-0.

18. That on August 24, 2017, Guadalupe Zazueta ("Zazueta") applied for a commercial auto liability insurance policy from United Financial.

19. That in her August 24, 2017 application, Zazueta listed Perez-Papias as a rated driver to add to the policy.

20. That in her August 24, 2017 application, Zazueta listed the 2000 Chevrolet C3500-HD pickup truck, VIN #1GBKC34J6YF511682, that Perez-Papias negligently operated at the time of the subject November 12, 2017 motor vehicle collision.

21. That on August 24, 2017, the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, insuring Zazueta and Perez-Papias, became effective.

22. That the relevant policy term for the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, insuring Zazueta and Perez-Papias was August 24, 2017 through August 24, 2018.

23. That the 2000 Chevrolet C3500-HD, VIN #1GBKC34J6YF511682, that Perez-Papias negligently operated at the time of the subject November 12, 2017 motor vehicle collision was a listed vehicle on the United Financial commercial auto liability insurance policy, Policy No. 04093866-0 and was therefore, an insured auto under the policy.

24. That the total policy premium for the year of coverage under the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, insuring Zazueta and Perez-Papias, was $3,182.00.

25. That Zazueta's August 24, 2017 application articulated a premium payment plan of 10 payments with Defendant United Financial.

26. That based on the 10-month payment plan, the total monthly payments owed to United Financial were approximately $318.20.

27. That based on this monthly premium payment, on August 24, 2017, United Financial demanded an initial payment of $636.40 to cover the first two premium payments.

. . .

DPLG
PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

28. That on August 24, 2017, Zazueta and/or Perez-Papias remitted payment to United Financial for $656.40.

29. That Zazueta's and/or Perez-Papias's August 24, 2017 payment of $656.40 provided auto liability insurance coverage under the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, for 75 days, or from August 24, 2017 through November 6, 2017.

30. That United Financial's first bill for an insurance premium payment from Zazueta and/or Perez-Papias should have been remitted in November 2017.

31. That on September 8, 2017, United Financial mailed its Commercial Auto Insurance Bill to Zazueta requesting she remit a premium payment in the amount of $262.85, plus an installment fee, no later than September 24, 2017.

32. That on October 8, 2017, United Financial mailed its Commercial Auto Insurance Bill to Zazueta requesting she remit a premium payment for the month of September, which was unpaid, and for the month of October, in the amount of $557.70, plus a late fee and an installment fee, no later than October 24, 2017.

33. That on October 30, 2017, United Financial mailed its Cancellation Notice to Zazueta:

> **Cancellation Notice**
>
> Unfortunately, we didn't receive your payment and, as a result, your policy will be cancelled at 12:01 a.m. on November 10, 2017.
>
> Please know that this means you will no longer have insurance coverage.
>
> We value you as a customer and want to continue being your insurance provider. To avoid cancellation, please send us your payment by check or money order so that it is received or postmarked by 12:01 a.m. on November 10, 2017. This way, there will be no lapse in your coverage.
>
> If you've already sent your payment, thank you. Your next regular payment will be due on November 24, 2017.
>
> You can also pay online or over the phone using a credit card or authorizing a withdrawal from your bank account. We'll credit your payment right away so your insurance coverage will continue.

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

We sincerely appreciate your attention to this matter and thank you for your business.

34. That on November 10, 2017, United Financial erroneously cancelled the commercial auto liability insurance policy, Policy No. 04093866-0, that insured Zazueta and Perez-Papias.

35. That on November 12, 2017, United Financial mailed its Final Bill to Zazueta confirming "you no longer have insurance with us, effective November 10, 2017."

36. That United Financial's Final Bill demanded Zazueta remit payment for $67.60, of which $23.60 represented the unpaid policy premium for coverage until November 10, 2017.

37. That United Financial did not demand Zazueta and/or Perez-Papias remit payment for the charged premium amounts in September and October of $557.70 in its November 12, 2017 Final Bill.

38. That United Financial stated in its Final Bill that the total policy premium for coverage until November 10, 2017 was $680.00.

39. That as of November 12, 2017, the United Financial commercial auto insurance policy, Policy No. 04093866-0, was in full force and effect.

40. That it was represented in writing to Peterson that prior to the subject collision of November 12, 2017 that Perez-Papias had personal and vehicle insurance in effect for the 2000 Chevrolet 3500 pick-up truck, VIN #1GBKC34J6YF511682 with United Financial, Policy No. 04093866-0.

41. That it was represented in writing to Peterson that prior to the subject collision of November 12, 2017, Perez-Papias had personal and vehicle insurance in effect for the 2000 Chevrolet 3500 pick-up truck, VIN #1GBKC34J6YF511682 in Policy No. 04093866-0, with coverage beginning on August 24, 2017.

42. That prior to November 12, 2017, United Financial "confirmed" and certified with the Nevada Department of Motor Vehicles that the subject 2000 Chevrolet 3500 pick-up truck, VIN #1GBKC34J6YF511682 was covered under Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018.

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135



43. That prior to November 12, 2017, United Financial confirmed and certified Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018 under Nevada Revised Statute 485.308 and/or 485.309.

44. That at no point prior to November 12, 2017 did Untied Financial file or provide a notice of cancellation at least ten (10) days before the cancellation or termination of the policy to the Nevada Department of Motor Vehicles concerning Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018.

45. That pursuant to Nevada Revised Statute 485.308(3), "[a]n insurance carrier that certifies the existence of a motor vehicle liability policy pursuant to subsection 1, must notify the Department at least 10 days before the cancellation or termination of the policy."

46. That under Nevada Revised Statute 485.3092 the following is required:

> Cancellation or termination of policy: Notice required; suspension required if effective date within 3 years after reinstatement. When an insurance carrier has issued a motor vehicle liability policy, the insurance so issued must not be cancelled or terminated until at least 10 days after a notice of cancellation or termination of the insurance has been mailed first class or delivered to the insured and, if the insurance carrier has certified the policy under NRS 485.308 or 485.309, a notice has also been filed in the office of the Department. A policy subsequently procured and certified, on the effective date of its certification, terminates the insurance previously certified with respect to any motor vehicle designated or the person named as the insured operator in both certificates. If the effective date of the termination is within 3 years after the date of reinstatement of a license, registration or privilege, the Department shall suspend the license and registration or privilege.

47. That at no point prior to November 12, 2017 did United Financial file or provide a notice of cancellation to the Nevada Department of Motor Vehicles concerning Policy No. 04093866-0 that United Financial had previously confirmed and certified for the period of August 24, 2017 to August 24, 2018.

48. That by not notifying the Nevada Department of Motor Vehicles of the cancellation or termination of Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018 before November 12, 2017, under Nevada law, the policy was in effect

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

not cancelled or terminated.

49. That because United Financial did not notify the Department of Motor Vehicles of the cancellation or termination of Policy No. 04093866-0 under Nevada Revised Statutes 485.308 and 485.3092, on November 12, 2017 "original Defendant" Perez-Papias, had insurance and was covered by United Financial for the subject motor vehicle collision involving Peterson.

50. That on December 12, 2017, counsel for Peterson faxed a letter to United Financial requesting: "a copy of your insured's declaration page…." Referencing Perez-Papias, claim number 17-3262492 and other identifying information for the subject motor vehicle collision.

51. That on December 14, 2017 United Financial mailed a letter to counsel for Peterson referencing the loss date of November 12, 2017, claim number 17-3262492, stating:

> This letter is to advise you that unfortunately, after investigating all the available information, I was unable to find valid coverage for this incident. As a result we won't be able to pay the claim for the loss on November 12, 2017, regarding claim number 17-3262492.

52. That on January 28, 2019, a civil Complaint and lawsuit was filed by Peterson against "original Defendant," Perez-Papias, under case no. A-19-788276-C.

53. That "original Defendant," Perez-Papias was personally served the lawsuit on January 31, 2019 and an Affidavit of Service was filed on February 7, 2019.

54. That a 3-Day Notice of Intent to Default was filed on March 12, 2019 under case no. A-19-788276-C.

55. That a Default was signed by the Clerk of Court and subsequently filed on March 18, 2019 under case no. A-19-788276-C.

56. That a Motion for Default Judgment was filed on April 2, 2019 under case no. A-19-788276-C.

57. That on July 31, 2020, a JUDGMENT, ASSIGNMENT AND ORDER was filed under case no. A-19-788276-C.

. . .

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

58. That on a NOTICE OF ENTRY OF JUDGMENT, ASSIGNEMENT AND ORDER was filed under case no. A-19-788276-C.

59. That the NOTICE was served and mailed to:

Progressive
Attn: Jalayne Zayas, Claim #17-3262492
4080 Boulder Hwy., Suite 101
Las Vegas, NV 89101

United Financial Casualty Company
RE: Policy 04093866
6300 Wilson Mills Rd.
Mayfield Village, OH 44143

Pedro Prez-Papias
4075 Eileen St.
Las Vegas, NV 89115

60. That the JUDGMENT, ASSIGNMENT AND ORDER held:

IT IS ORDERED that the Plaintiff is entitled to a JUDGMENT against Defendant PEDRO PEREZ-PAPIAS as follows:

| | |
|---|---|
| PAST MEDICAL EXPENSES: | $52,124.13 |
| FUTURE MEDICAL EXPENSES: | $294,140.00 |
| PAST PAIN & SUFFERING: | $1,500,000.00 |
| FUTURE PAIN & SUFFERING: | $1,000,000.00 |
| PUNITIVE DAMAGES: | $2,000,000.00 |
| SUBTOTAL: | $4,846,264.13 |
| ATTORNEY'S FEES OF 40%: | $1,938,505.65 |
| COSTS [NRS 18.025]: | $1,664.50 |
| SUBTOTAL: | $6,786,434.28 |
| INTEREST [NRS 17.130]: | $720,538.57 |

**TOTAL JUDGMENT, WITH INTEREST ACCRUING AT THE NEVADA LEGAL RATE FROM 7/22/2020 UNTIL SATISFIED:** $7,506,972.85

> It is further ORDERED that Plaintiff is hereby ASSIGNED any rights/claims that Defendant PEDRO PREZ-PAPIAS has for bad faith, unfair trade practices, and any other claims arising out of this case against his insurer under the authority outlined in *Gallegos v. Malco Enterprises of Nevada, dba Budget Rent A Car*, 127 Nev. Adv. Op. 51, 255 P.3d 1287 (2011). In effectuating this assignment, Plaintiff

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135



> may file claims related to this case against PROGRESSIVE, UNITED FINANCIAL CASUALTY COMPANY, and/or any other company responsible for the processing, defending, denial, and payment of any insurance coverage of Defendant PEDRO PREZ-PAPIAS on his behalf. Plaintiff may take all acts related to the prosecuting and investigating of any claims that Defendant PEDRO PREZ-PAPIAS may have against his insurer, to include requesting records, invoices directly from his insurance company, copies of correspondence, request for claims files, subpoenas, responding to discovery and any and all other rights that PEDRO PREZ-PAPIAS himself would have in connection with his operation of a motor vehicle, and insurance in place for his person, or vehicle, on November 12, 2017.

61. That on August 3, 2020, Peterson, through counsel, mailed a letter, with supporting attachments, to United Financial and to Progressive Claims with the following request:

> Enclosed herewith, please find the Court Order in this matter assigning all rights, to include investigation authority, as it relates to Mr. Pedro Prez Papias.
>
> Please respond to this letter with a copy of all insurance policies, declaration sheets, correspondence, recorded statements, photographs, videos, in any matter related to the above subject incident, as well as all documents related to Mr. Pedro Prez-Papias. As this matter is now a judicially assigned case, failure to timely provide the requested documentation will be considered a bad faith action and in violation of the duties of good faith and fair dealing as it relates to these contracts.
>
> We are requesting the above requested documents within ten (10) business days. Should you need a brief extension we are glad to work with you in this matter. We are requesting that all correspondence in this matter be in writing. Any questions or issues just let me know. Thank you.

62. That on September 4, 2020, United Financial responded to the August 3, 2020 letter through counsel, representing that certain attached documents were attached to the letter and being provided to counsel for Peterson.

63. That the September 4, 2020 letter and attachments did not include any documents, reference, or indication that Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018 was certified and confirmed by United Financial and provided to the Nevada Department of Motor Vehicles under Nevada Revised Statutes

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

485.308 and/or 485.309.

64.    That the September 4, 2020 letter and attachments did not include any documents, reference, or indication that Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018, previously certified and confirmed by United Financial and provided to the Nevada Department of Motor Vehicles under Nevada Revised Statutes 485.308 and/or 485.309, was subsequently cancelled at least ten (10) days before the cancellation or termination of the policy

65.    That the September 4, 2020 letter and attachments did not include any documents, reference, or indication that Policy No. 04093866-0 for the period of August 24, 2017 to August 24, 2018, previously certified and confirmed by United Financial and provided to the Nevada Department of Motor Vehicles under Nevada Revised Statutes 485.308 and/or 485.309, was subsequently cancelled or terminated before November 12, 2017.

66.    That on July 5, 2022, Peterson through counsel, mailed and faxed a letter to United Financial, through their counsel, stating and requesting the following:

> I am writing as a follow up to the above-mentioned matter. Based on previous communications, I understand that you were retained by United Financial Casualty Company and Progressive as it relates to responding to information requests concerning the above insurance coverage. As previously noted, my client has been judicially assigned all rights related to the insured driver Pedro Prez-Papias, to include conducting discovery and information requests as if he had personally made such requests. I am writing as a follow up to my earlier correspondence in this matter.
>
> Please respond to this letter with a copy of the payment log and/or payment register for the premiums related to policy 04093866, as well as the face sheet notes from the claims file.
>
> We are requesting the above requested documents within ten (10) business days. Should you need a brief extension we are glad to work with you in this matter. We are requesting that all correspondence in this matter be in writing. Any questions or issues just let me know. Thank you.

67.    That in response to the July 5, 2022 letter, United Financial, through counsel, responded as follows:



10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

> This letter is written in response to your request for the payment register for policy number 04093866. Enclosed for your review, please find the final bill and attached spread sheet showing the only payment made by the insured for this policy. The policy began in August 2017 and at that time, the insured paid $656.40 to initiate the policy. Following that, the insured failed to make premium payments in both September and October of 2017. As a result, a cancellation notice was sent out (previously provided to you) and I am attaching it again for your review. No additional payments were received, and the policy was cancelled November 10, 2017.
>
> Regarding your request for the claims diary notes, my client is asserting the work product/mental impressions privilege and is not willing to produce them at this time. If you have any questions regarding the above, please do not hesitate to contact me.

68. That on July 5, 2022, Peterson through counsel, mailed and faxed a letter to United Financial, through their counsel stating and requesting the following:

> I am writing as a follow up to the above-mentioned matter and your letter dated September 4, 2020. I understand that you represent United Financial Casualty Company and Progressive as it relates to responding to information requests concerning the above insurance coverage and your letter was in response to my letter and request dated August 3, 2020. As previously noted, my client has been judicially assigned all rights related to the insured driver Pedro Prez-Papias, to include conducting discovery and information. My office previously requested in writing "a copy of ALL insurance policies, declaration sheets, correspondence, recorded statements, photographs, videos, in any matter related to the above subject incident, as well as all documents related to Mr. Pedro Prez-Papias."
>
> My office has reviewed the correspondence and documents provided based on the earlier request. Please provide a copy of any notices filed or provided by Financial Casualty Company to the Nevada Department of Motor Vehicle notifying them of the cancelling of policy No. 04093866. Further, at it is believed that the policy was certified under NRS 485.308 or 485.309, please also provide a copy of any document reflecting such certification, as well as any cancellation notice.
>
> If such cancellation documents do not exist, please consider this a demand/claim on behalf of Pedro Prez-Papias as the insured/assignor AND on behalf of John Peterson/Plaintiff/assignee to immediately pay the outstanding Judgment against Pedro Prez-Papias to John Peterson, with the accrued interest, that was entered in A-19-788276-C.

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

69. That in response to the July 5, 2022 letter, United Financial, through counsel, responded as follows:

> This letter is written in response to yours dated July 5, 2022. In your letter you requested copies of any notices filed or provided to the Nevada Department of Motor Vehicles notifying it of the cancellation of policy number 04093866. In response, my client has indicated that in Nevada, the state does not require insurance carriers to issue a notice of cancellation for state reporting. Specifically, Nevada is an online verification reporting state that reports liability and non-truck liability. Reporting is handled when the state sends a request to Progressive to verify if a vehicle was covered on a specific date. If the vehicle was covered on a specific, date, Progressive returns a confirm response. If the vehicle was not covered on the date in question an unconfirmed response would be sent.

70. That at no point prior to the filing of the present Complaint did United Financial provide a copy of or reference to, their notice of certification, and/or confirmation provided to the Nevada Department of Motor Vehicles for Policy No. 04093866-0.

71. That at no point prior to the filing of the present Complaint did United Financial provide a copy of or reference to, any cancellation or termination noticed provided to the Nevada Department of Motor Vehicles for Policy No. 04093866-0.

72. That following the July 5, 2022 letter/claim/demand for payment, United Financial failed to pay the claim and outstanding Judgment entered in Case No. A-19-788276-C against "original Defendant," Perez-Papias.

73. That following the July 5, 2022 letter/claim/demand to United Financial, they responded to Peterson, as an individual and also as an assignee of their insured's rights, with an intentional and fraudulent misstatement of Nevada law, specifically:

> In response, my client has indicated that in Nevada, the state does not require insurance carriers to issue a notice of cancellation for state reporting. Specifically, Nevada is an online verification reporting state that reports liability and non-truck liability. Reporting is handled when the state sends a request to Progressive to verify if a vehicle was covered on a specific date. If the vehicle was covered on a specific, date, Progressive returns a confirm response. If the vehicle was not covered on the date in question an unconfirmed response would be sent.

DPLG
PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

74. That Nevada is an absolute-liability jurisdiction as it relates to motor vehicles. *See Torres v. Nevada Direct Insurance Co.*, 131 Nev. Adv. Op. 54 (2015) (holding that "no post injury violation of a policy will release the insurer under the absolute-liability provision" and that an insured's "noncompliance with the notice and cooperation clauses of the policy does not void NDIC's indemnity obligations.")

75. That the Nevada Supreme Court has held that statutes concerning the cancellation of insurance policies require strict, not just substantial compliance and that notices not conforming to the statutory requirements are ineffective to terminate the insurance contract for nonpayment of premiums. *See e.g. O.P.H. of Las Vegas, Inc., v. Oregon Mut. Ins. Co.*, 401 P.3d 218, 224 (2017).

76. That further factual support and particularities for Peterson's Complaint are in the possession of United Financial, and they have refused to provide such information and documentation to the Plaintiff individually, or as the assignee of the rights of the "original Defendant." *See Rocker v. KPMG LLP*, 122 Nev. Adv. Op. No. 101, 148 P.3d 703 (2006).

77. That as of the time of filing of Complaint and causes of action there is an outstanding Judgment against Perez-Papias in favor of Peterson.

**FIRST CLAIM FOR RELIEF**

***(Breach of Contract)***

78. Peterson repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

79. That on November 12, 2017 "original Defendant" Perez-Papias had personal and vehicle insurance in effect for the 2000 Chevrolet 3500 pick-up truck, VIN #1GBKC34J6YF511682, with Defendant UNITED, Policy No. 04093866-0.

80. That the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, between United Financial and "original Defendant" Perez-Papias, was a valid and existing contract.

81. That the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, provided insurance coverage for the subject collision of November 12, 2017 including liability coverage of $25,000 and coverage in the form of lawsuit

DPLG PRINCE LAW GROUP
10801 W. Charleston Blvd. Suite 560 Las Vegas, NV 89135

defense.

82. That United Financial agreed to settle or defend any claim or lawsuit for damages made against its insured for bodily injury or property damage arising from an accident arising from the use of an insured auto under the United Financial commercial auto liability insurance policy, Policy No. 04093866-0.

83. That United Financial breached the commercial auto liability insurance policy, Policy No. 04093866-0, because it erroneously cancelled coverage based on unpaid premium payments that Zazueta and/or Perez-Papias did not owe to United Financial when United Financial mailed its Commercial Auto Insurance Bills on September 8, 2017 and October 8, 2017, respectively.

84. That as a result of United Financial's erroneous cancellation of coverage on November 10, 2017, United Financial breached its contractual duties to defend, indemnify, investigate, or settle Peterson's bodily injury claim and/or personal injury lawsuit.

85. That United Financial breached their contract with their insured, failed to protect their insured - the "original Defendant," Perez-Papias, failed to defend the underlying lawsuit, made intentional and fraudulent misrepresentations concerning the existence and coverage of Policy No. 04093866-0, and exposed Perez-Papias to a multi-million-dollar Judgment which, as of July 5, 2022, United Financial has refused to pay.

86. That the breaches by United Financial are ongoing and were affirmed on July 5, 2022 even after being specifically notified concerning the failure to notify the Department of Motor Vehicles before the collision that the subject policy was cancelled or terminated.

87. That United Financial is liable for the damages sustained by Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, as a result of its breach of contract, including damages for benefits denied under the insurance policy, the amount of the Judgment entered in A-19-788276-C, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

. . .

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

**SECOND CLAIM FOR RELIEF**

***(Fraudulent and Intentional Misrepresentation)***

88. Peterson repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

89. That beginning on November 12, 2017, United Financial made a false representation that insurance Policy No. 04093866-0 was not in effect on November 12, 2017, and the false representations continued and were again made on July 5, 2022.

90. That the false representations include, but are not limited to: 1) representing on multiple occasions, as recently as July 5, 2022, that United Financial insurance policy, Policy No. 04093866-0, was not in effect on November 12, 2017; 2) that the policy had been properly cancelled in compliance with Nevada law; and 3) that United Financial had no duty or requirement to notify the Nevada Department of Motor Vehicles that the policy was cancelled after they confirmed and/or certified the policy to the Department of Motor Vehicles.

91. United Financial knew or believed that the representations stated herein were false, or made with an insufficient basis of information for making said representations.

92. That false representations by United Financial were made on July 5, 2022 even after being specifically notified concerning the failure to notify the Department of Motor Vehicles before the collision that the subject policy was cancelled or terminated.

93. That the representations stated herein were made to induce Peterson, both as a third-party and as an assignee of their insured's rights, to act or refrain from acting upon such misrepresentations.

94. That Peterson justifiably relied upon United Financial's multiple and continued representations and previously delayed filing a lawsuit. However given the July 5, 2022 representation and failure to pay the outstanding Judgment, Peterson has now been forced to file a lawsuit.

95. That as a direct result of United Financial's fraudulent and intentional misrepresentations, Peterson, as assignee of "original Defendant," Perez-Papias, has been damaged.

DPLG
PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

96. That United Financial is liable for any damages sustained by Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, as a result of its fraudulent and intentional misrepresentations, including, the amount of the Judgment entered in A-19-788276-C, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

**THIRD CLAIM FOR RELIEF**

***(Breach of the Contractual Covenant of Good Faith and Fair Dealing – Bad Faith)***

97. Peterson repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

98. Inherent in every contract is an implied covenant of good faith and fair dealing.

99. United Financial failed to deal fairly and in good faith with the "original Defendant," Perez-Papias, by denying, without a reasonable basis or proper cause, Peterson's claims and Complaint made under the subject insurance policy and binding Nevada caselaw.

100. That United Financial failed to protect its insured, the "original Defendant," Perez-Papias, and have now exposed him to a multi-million dollar judgment by wrongfully, intentionally, and fraudulently representing that there was no insurance coverage in effect on November 12, 2017 under the United Financial commercial auto liability insurance policy, Policy No. 04093866-0, as well as by other actions/inactions during litigation of A-19-788276-C.

101. That United Financial engaged in additional and continued bad faith on July 5, 2022 after being specifically notified of their failure to notify the Department of Motor Vehicles before the collision that the subject policy was cancelled or terminated.

102. The breach by United Financial is ongoing and is likely to continue during litigation in the present case, and includes actions and inactions by United Financial as outlined herein.

. . .

DPLG PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

103. As a result of the breach of the implied covenant of good faith and fair dealing, Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, is entitled to damages for denied full insurance benefits and protections.

104. That United Financial is liable for any damages sustained by Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, as a result of United Financial's breach of the covenant of good faith and fair dealing, including, the amount of the Judgment entered in A-19-788276-C, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

**FOURTH CLAIM FOR RELIEF**

***(Breach of the Tortious Covenant of Good Faith and Fair Dealing – Bad Faith)***

105. Peterson repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

106. Inherent in every contract is an implied covenant of good faith and fair dealing.

107. United Financial owed a duty to "original Defendant," Perez-Papias to deal fairly and in good faith.

108. United Financial failed to deal fairly and in good faith with the "original Defendant," Perez-Papias, by knowingly cancelling coverage prematurely before any premium payments were due on the commercial auto insurance policy, Policy No. 04093866-0.

109. United Financial failed to deal fairly and in good faith by denying full payment, without a reasonable basis or proper cause, insurance benefits, and protections under the subject commercial auto liability insurance policy, Policy No. 04093866-0, and binding Nevada caselaw.

110. That United Financial engaged in additional and continued bad faith on July 5, 2022 after being specifically notified of their failure to notify the Department of Motor Vehicles before the collision that the subject policy was cancelled or terminated.

. . .

DPLG PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

111. As a result of the breach of the implied covenant of good faith and fair dealing, Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, is entitled to damages for denied insurance benefits.

112. The breach by United Financial is ongoing and is likely to continue during litigation.

113. That Defendant United Financial is liable for any damages sustained by Peterson, through the assignment of "original Defendant," Perez-Papias's claims and causes of action against United Financial, as a result of United Financial's breach of the covenant of good faith and fair dealing, including, the amount of the Judgment entered in A-19-788276-C, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

**FIFTH CLAIM FOR RELIEF**

***(Violation of the Nevada Unfair Claims Practices Act, NRS 686A.310, NAC 686A et seq.***

114. Peterson repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

115. United Financial was obligated to satisfy the provisions outlined in the Nevada Unfair Claims Practices Act set forth in NRS 686A.310 *et seq*., plus all other applicable regulations adopted by Nevada Administrative Code § 686A *et seq*.

116. NRS 686A.310(1)(m) states an insurer that fails to comply with the provisions of NRS 687B.310 to 687B.390, inclusive, has committed an unfair claim practice.

117. At all relevant times alleged herein, United Financial was subject to the provisions of NRS 687B.310, NRS 687B.320, and NRS 687B.360.

118. United Financial failed to comply with NRS 687B.320 because it never adequately explained in its notice why it cancelled coverage under Policy No. 04093866-0 for missed premium payments for the months of September and October 2017 when Zazueta and Perez-Papias already remitted their premium payments for those months.

. . .

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

119. United Financial failed to comply with NRS 687B.360 because its Cancellation Notice did not notify Zazueta and/or Perez-Papias that they had the right to request the precise facts United Financial relied upon to cancel their coverage under Policy No. 04093886-0.

120. United Financial's failure to comply with the provisions of NRS 687B.320 and NRS 687B.360 constituted a direct violation of NRS 686A.310(1)(m)

121. As a proximate result of United Financial's violation of the Nevada Unfair Claims Practices Act set forth in NRS 686A.310, plus all other applicable regulations adopted by Nevada Administrative Code § 686A *et seq.*, Peterson, as assignee of "Original Defendant," Perez-Papias, has suffered damages in an amount in excess of $15,000.00, the exact amount of which will be proven at trial.

WHEREFORE, Peterson, as assignee of the rights of the "original Defendant," Perez-Papias, expressly reserves the right to amend this Complaint prior to or at the time of trial of this action, and insert those damages not yet fully ascertainable, and pray for relief from United Financial, for all causes of action, as follows:

1. Compensatory and/or expectation damages for denied policy benefits;

2. Consequential and/or incidental damages, including attorney's fees and emotional distress;

3. General, special, and punitive damages in excess of $15,000.00;

4. The Judgment entered in A-19-788276-C, with accruing interest;

5. Interest from the time of service of this Complaint, as allowed by N.R.S. 17.130;

6. For all reasonable attorney's fees expended by Peterson in the prosecution of this matter;

. . .

. . .

. . .

. . .

. . .

. . .

DPLG
PRINCE LAW GROUP
10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

7. For all taxable costs expended by Peterson in the prosecution of this matter; and

8. For such other and further relief as the Court may deem just and equitable in the premises.

DATED this 3rd day of May, 2023.

**PRINCE LAW GROUP**

*/s/ Kevin T. Strong*
DENNIS M. PRINCE
Nevada Bar No. 5092
KEVIN T. STRONG
Nevada Bar No. 12107
10801 West Charleston Boulevard
Suite 560
Las Vegas, Nevada 89135
Tel: (702) 534-7600
Fax: (702) 534-7601
E-mail: eservice@thedplg.com
-AND-
CRAIG W. DRUMMOND
Nevada Bar No. 11109
LIBERTY A. PARDEE
Nevada Bar No. 14417
**DRUMMOND LAW FIRM**
3325 W. Sahara Avenue
Las Vegas, Nevada 89102
Tel: (702) 366-9966
Fax: (702) 508-9440
Attorneys for Plaintiff
*John Peterson*



**CERTIFICATE OF SERVICE**

Pursuant to LR 5-1 and FRCP 5(b), I hereby certify that I am an employee of **PRINCE LAW GROUP** and that on the 3rd day of May, 2023, I electronically filed the foregoing document entitled **PLAINTIFF JOHN PETERSON'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to the following:

John T. Keating
**KEATING LAW GROUP**
9130 W. Russell Road
Suite 200
Las Vegas, Nevada 89148
Tel: (702) 228-6800
Fax: (702) 228-0443
Attorneys for Defendant
*United Financial Casualty Company*

*/s/ Kevin T. Strong*
An Employee of Prince Law Group

10801 W. Charleston Blvd.
Suite 560
Las Vegas, NV 89135

