JOHN T. KEATING
Nevada Bar No. 6373
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
*jkeating@keatinglg.com*
(702) 228-6800 phone
(702) 228-0443 facsimile
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN PETERSON, individually, | CASE NO. : 2:22-cv-10509 |
| Plaintiff, | DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| vs. | |
| UNITED FINANCIAL CASUALTY COMPANY, a foreign corporation; DOES I-V; and ROE CORPORATIONS VI-X, inclusive, | |
| Defendants. | |

DEFENDANT, UNITED FINANCIAL CASUALTY COMPANY by and through its counsel, KEATING LAW GROUP, and for its Answer to Plaintiff's First Amended Complaint on file herein, admit, deny, and allege as follows:

GENERAL ALLEGATIONS

1.      Answering Paragraphs 1, 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 32, 37, 38, 53, 59, 63, 64, and 65, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein.

2.      Answering Paragraphs 2, 4, 16, 50, 51, 61, 62, 69 and 77, Defendant admits each and every allegation contained therein.

3.      Answering Paragraphs 8, 22, 23, 33, 35, 52, 54, 55, 56, 57, 58, 70 and 71, upon information and belief, Defendant admits each and every allegation contained therein.

4.      Answering Paragraphs 34, 39, 40, 41, 42, 43, 44, 47, 48, 49, 73, 75 and 76,

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEATING LAW GROUP
9130 W. RUSSELL RD., SUITE 200
LAS VEGAS, NEVADA 89148

Defendant denies each and every allegation contained therein.

5.      Answering Paragraph 36, Defendant admits that United Financial's Final Bill demanded Zazueta remit payment for $67.60 and is without sufficient knowledge or information upon which to form a belief as to the truth to the remainder of the allegations contained therein.

6.      Answering Paragraph 45, Defendant admits that NRS 485.308(3) speaks for itself and denies as to the remainder of the allegations contained therein.

7.      Answering Paragraphs 46, Defendant admits that NRS 485.3092 speaks for itself and is without sufficient knowledge or information upon which to form a belief as to the remainder of the allegations contained therein.

8.      Answering Paragraph 60, Defendant admits that the language in paragraph #60 is reflected in the judgment.

9.      Answering Paragraph 66, Defendant admits that Peterson through counsel sent a letter dated July 5, 2022 to counsel for United Financial Casualty Company but the verbiage purported to be in the letter that is referred to in the complaint is inaccurate and, on that basis, denies to the allegations contained therein.

10.      Answering Paragraph 67, Defendant admits that Peterson through counsel sent a letter dated July 5, 2022 to counsel for United Financial Casualty Company but the verbiage purported to be in the letter that is referred to in the complaint is inaccurate and, on that basis, denies to the allegations contained therein.

11.      Answering Paragraph 68, Defendant admits that correspondence was sent by counsel for Peterson on July 5, 2020 and that this language appears in the letter and, on that basis, admits to the allegations contained therein.  However, the additional verbiage in this letter has been removed from this allegation.

12.      Answering Paragraph 72, Defendant admits that United Financial Casualty Company did not pay the amount of the judgment and deny as to the remainder of the allegations contained therein.

13.      Answering Paragraph 74, Defendant admits that *Torres v. NV Direct* case is the

law in Nevada and denies as to the remainder of the allegations contained therein.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14.   Answering Paragraph 78, Defendant repeats and realleges its answers to Paragraphs 1 through 76 of Plaintiff's First Amended Complaint, as though fully set forth herein.

15.   Answering Paragraphs 79, 80, 81, 82, 83, 84, 85, 86, and 87, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
### (Fraudulent and Intentional Misrepresentation)

16.   Answering Paragraph 88, Defendant repeats and realleges its answers to Paragraphs 1 through 87 of Plaintiff's First Amended Complaint, as though fully set forth herein.

17.   Answering Paragraphs 89, 90, 91, 92, 93, 94, 95 and 96, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION
### (Breach of Contractual Covenant of Good Faith and Fair Dealing – Bad Faith)

18.   Answering Paragraph 97, Defendant repeats and realleges its answers to Paragraphs 1 through 96 of Plaintiff's First Amended Complaint, as though fully set forth herein.

18.   Answering Paragraph 98, Defendant admits each and every allegation contained therein.

19.   Answering Paragraphs 99, 100, 101, 102, 103, and 104, Defendant denies each and every allegation contained therein.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### (Breach of the Tortious Covenant of Good Faith and Fair Dealing – Bad Faith)

20.     Answering Paragraph 105, Defendant repeats and realleges its answers to Paragraphs 1 through 104 of Plaintiff's First Amended Complaint, as though fully set forth herein.

21.     Answering Paragraphs 106 and 107, Defendant admits each and every allegation contained therein.

22.     Answering Paragraphs 108, 109, 110, 111, 112, and 113, Defendant denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF
### (Violation of the Nevada Unfair Claims Practices Act, NRS 686A.310, NAC 686A, et seq)

23.     Answering Paragraph 114, Defendant repeats and realleges its answers to Paragraphs 1 through 113 of Plaintiff's First Amended Complaint, as though fully set forth herein.

24.     Answering Paragraphs 115, 116, and 117, Defendant admits each and every allegation contained therein.

25.     Answering Paragraphs 118, 119, 120, and 121, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

The incident alleged in the First Amended Complaint and the resulting damage, if any,

to the Plaintiff was proximately caused or contributed to by the Plaintiff's own negligence and such negligence was greater than the negligence, if any, of this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, suffered by Plaintiff was caused by new, independent, intervening and superseding causes, and not by this Answering Defendant's alleged negligence or other actionable conduct, the existence of which is specifically denied.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the occurrence referred to in the First Amended Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party over whom Defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff is entitled to punitive damages, Defendant asserts that NRS 42.005 does not provide adequate standards and/or safeguards for its application and is therefore void for vagueness under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint, to the extent that it seeks punitive damages, violated this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Nevada and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the State of Nevada and, therefore, fails to state a cause of action supporting the punitive damages claims.

### EIGHTH AFFIRMATIVE DEFENSE

An award of punitive damages as claimed herein would be an excessive fine and

otherwise violate the provisions of the United States and Nevada Constitutions.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint, to the extent that it seeks punitive damages, violates this Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution of the State of Nevada and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

### TENTH AFFIRMATIVE DEFENSE

United Financial Casualty Company was not required to defend Prez-Papias since there was no coverage for Prez-Papias on the day of the subject accident.

### ELEVENTH AFFIRMATIVE DEFENSE

United Financial Casualty Company has no legal obligation to satisfy the judgment entered by Peterson.

### TWELFTH AFFIRMATIVE DEFENSE

United Financial Casualty Company was not provided adequate notice of the default/default judgment prior to its entry.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer; and therefore, Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant, UNITED FINANCIAL CASUALTY COMPANY, prays for judgment as follows:

1. That Plaintiff take nothing by way of his First Amended Complaint on file herein;

2. For reasonable attorney's fees and costs incurred herein; and

///

3. For such other and further relief as this Court deems just and proper in the premises.

DATED this 24th day of May 2023.

**K E A T I N G** LAW GROUP

_/s/John T. Keating_____

John T. Keating

Nevada Bar No.: 6373

9130 W. Russell Road, Suite 200

Las Vegas, NV 89148

*Attorney for Defendant*

7

KEATING LAW GROUP
9130 W. RUSSELL RD., SUITE 200
LAS VEGAS, NEVADA 89148

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the KEATING LAW GROUP and that on this 24th day of May 2023, a true and correct copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served by the U.S. District Court using the CM/ECF system to all parties with an email-address and United States Postal Service on record as follows:

| | |
|---|---|
| Craig W. Drummond, Esq. | Dennis M. Prince, Esq |
| Liberty A. Pardee, Esq. | Kevin T. Strong, Esq. |
| Drummond Law Firm | Prince Law Group |
| 3325 W. Sahara Avenue | 10801 W. Charleston Blvd., Ste. 560 |
| Las Vegas, Nevada 89102 | Las Vegas, Nevada 89135 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

_/s/Nicole Reyes_____
Employee of K E A T I N G LAW GROUP

8