# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN PETERSON,

          Plaintiff,

vs.

UNITED FINANCIAL CASUALTY COMPANY,

          Defendant.

Case No.: 2:22-cv-01509-GMN-NJK

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is the Motion for Leave of Court to Hear Countermotion for Summary Judgment, (ECF No. 96), filed by Plaintiff John Peterson. Defendant United Financial Casualty Company filed a Response, (ECF No. 103).

The instant Motion was filed approximately one month before trial, (*see* Order Granting Joint Pretrial Order, ECF No. 80), and almost two years after the dispositive motion deadline, (*see* Order Granting Stipulation Scheduling Order, ECF No. 37) (setting dispositive motion deadline of December 11, 2023).

Federal Rule of Civil Procedure 6(b)(1) permits courts to extend deadlines for good cause shown and, for a motion "made after the time has expired," only "if the party failed to act because of excusable neglect." When determining whether a party has shown excusable neglect, courts consider: (1) "prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Weighing these equitable factors is left "to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Plaintiff has not shown that his failure to timely file a motion for summary judgment is the product of excusable neglect. Both the length of the delay (almost two years), and the prejudice to Defendant caused by Plaintiff's filing of this motion just one month before trial weigh against a finding of excusable neglect.[1] While there is no indication that Plaintiff seeks this extension in bad faith, his reason for delay is inadequate and the untimeliness of his filing was entirely within his control. Plaintiff asserts that it was not apparent that summary adjudication of the entire case was appropriate until Defendant filed its Motions in Limine because those Motions included new arguments. (Mot. Leave 5:16–6:17). The fact that it took the filing of Defendant's Motions in Limine for Plaintiff to discover that the law may support summary judgment in his favor does not amount to excusable neglect. No new evidence has come to light since discovery closed and the state of the law has not changed; instead, Plaintiff essentially states that he failed to sufficiently research the law prior to the dispositive motion deadline. Such neglect was within Plaintiff's control and cannot be considered excusable.

Plaintiff may assert that he could not have known about the argument he intends to raise in a motion for summary judgment until after Judge Mahan issued his Order denying Defendant's Motion for Summary Judgment, which found that there was an ambiguity in the parties' obligations under the contract. (*See* Order Denying Mot. Summary Judgment, ECF No. 55 4:20–21). Even if this were the case, Plaintiff could have sought leave to file his own summary judgment motion shortly after the Order was entered. Nothing in Defendant's Motions in Limine change the fact that Plaintiff has been aware of the Court's finding of ambiguity since September of 2024 and did not seek leave to file a motion for summary

---

[1] Plaintiff contends that Defendant cannot argue that it is "prejudiced by a court making the correct decision," and that he is not asking the Court to delay trial "so there is no impact of delay . . . ." (Mot. Leave 6:19–22). But the timing of this Motion would result in both delay and prejudice. If the Court were to grant the motion for leave to file a motion for summary judgment, it would then set a briefing schedule for the motion for summary judgment that would likely run past the beginning of trial. Additionally, Defendant has been and would continue to be prejudiced by having to defend against a motion for summary judgment at the height of its trial preparation.

judgment until the eve of trial.  For these reasons, the Court finds that Plaintiff's failure to file a motion for summary judgment prior to the deadline was not the product of excusable neglect.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to Hear Countermotion for Summary Judgment, (ECF No. 96), is **DENIED.**

**DATED** this __13__ day of November, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT